131 F.3d 144
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Christopher M. GRAVES, Appellant.
UNITED STATES of America, Appellee,
v.
Kevin L. ALLEN, Appellant.
 Nos. 97-1625NE, 97-1678NE.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Oct. 24, 1997.
Decided: Nov. 19, 1997.
 
 Appeals from the United States District Court for the District of Nebraska.
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Christopher M. Graves and Kevin L. Allen appeal their convictions for conspiracy to interfere with interstate commerce by robbery, see 18 U.S.C. § 1951(a) (1994), and using a firearm in the commission of a crime of violence, see 18 U.S.C. § 924(c)(1) (1994). Graves and Allen contend the Government's evidence is insufficient to prove beyond a reasonable doubt the interstate commerce element of the conspiracy charge. Overwhelming evidence shows Graves and Allen robbed a Nebraska-based dealer in stolen firearms, whose ill-gotten inventory was manufactured outside Nebraska, sold in Iowa, and recovered in Ohio. Having failed to move for a judgment of acquittal or object to the district court's instructions defining the interstate commerce element, Graves and Allen concede that we must review their contention for plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993). Having reviewed the record in the context of plain error, we doubt the district court committed error in concluding the evidence showed the robbery affected interstate commerce. Even if we assume there was error, we are not willing to characterize the error as plain, and even if there was a plain error affecting substantial rights, we would not exercise our discretion to grant plain error relief to Graves and Allen. See id. We thus affirm Graves's and Allen's convictions.